UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUMBERTO RESTREPO, as Chairman of the Joint Industry Board of the Electrical Industry,<br><br>                                             Petitioner,<br><br>-against-<br><br>RICHMOND ELECTRIC INC.,<br><br>                                             Respondent. | 24 CV _____ |

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION TO CONFIRM ARBITRATION AWARD

Petitioner, Humberto Restrepo, as Chairman of the Joint Industry Board of the Electrical Industry ("Petitioner" and/or the "Funds") submits this Memorandum of Law in support of his Petition to Confirm an Arbitration Award against Richmond Electric Inc. (the "Respondent"). As set forth herein, the arbitration award at issue was rendered pursuant to a broad arbitration clause and applied express provisions of the applicable collective bargaining agreement to facts adduced through paper submissions. Accordingly, the arbitration award should be confirmed.

## FACTS

A full recitation of the facts is set forth in the Petition to Confirm an Arbitration Award (the "Petition"), to which this Court is respectfully referred.

## ARGUMENT

**I.   Confirmation of the Arbitration Award is Proper Because Federal Labor Policy Favors the Confirmation of Arbitration Awards and the Court's Scope of Review of an Arbitration Award is Exceedingly Narrow**

Under the decisions of the United States Supreme Court and the Court of Appeals for the Second Circuit, arbitrations of disputes between employers and fringe benefit funds pursuant to

the provisions of a collective bargaining agreement are liberally encouraged as basic to federal labor policy.

The fundamental principles of labor arbitration established in the Supreme Court's celebrated *Steelworker Trilogy – United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.*, 363 U.S. 574 (1960); *and United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960) – have served the industrial relations community well by fostering reliance on arbitration as the preferred method of resolving disputes arising under the terms of a collective bargaining agreement. *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 648 (1986); *Truck Drivers Local Union No. 807, I.B.T. v. Regional Import & Export Trucking Co., Inc.*, 944 F.2d 1037, 1043 (2d Cir. 1991).

To effect this important public policy, the role of a court in reviewing an arbitration award is extremely limited. An award should be confirmed so long as the arbitrator "acted within the scope of his authority" and "the award draws its essence from the agreement." *Local 1199, Drug, Hosp. & Health Care Emples. Union, RWDSU, AFL-CIO v. Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir. 1992). Neither a disagreement with the arbitrator's finding of fact, nor a difference of opinion about the correct interpretation of the contract, is an occasion for judicial intervention. As the United States Supreme Court explained: "As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed a serious error does not suffice to overturn his decision." *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987); *see also, Abram Landau Real Estate v. Bevona*, 123 F.3d 69, 74-75 (2d Cir. 1997); *Connecticut Light & Power Co. v. Local 420, Int'l Brotherhood of Electrical Workers*, 718 F.2d 14, 20 (2d Cir. 1983)("Arbitrators, who are chosen for their

knowledge of the practices of the industry and the shop, have the primary responsibility for interpreting the agreement"). Indeed, confirmation of an arbitration award is a "'summary proceeding that merely makes what is already a final arbitration award a judgment of the court.'" *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (*quoting Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). Accordingly, a court "must grant the award unless the award is vacated, modified, or corrected." *Id.* (internal quotations omitted).

Here, the independent arbitrator acted within the scope of his authority in issuing the arbitration award. As more fully set forth in the Petition, Respondent is bound to a collective bargaining agreement (the "CBA") with the Local Union #3 of the International Brotherhood of Electrical Workers (the "Union"). Petition, ¶¶ 18-19. The CBA binds Respondent to the Collection Policy and Arbitration Procedures established by the Funds. Petition, ¶¶ 21, 23-24. The Arbitration Procedures provide that the arbitrator shall have the jurisdiction to determine disputes between the Funds and an employer regarding an "[e]mployer's obligation to contribute to the Funds, including but not limited to Audits, Delinquencies, interest, liquidated damages, and attorneys' fees and costs." Petition, ¶ 28-29. A dispute arose between the parties when Respondent failed to report and remit Required Contributions owed for payroll weeks ending January 1, 2020 through December 31, 2021. Petition, ¶ 30; *see Reliastar Life Ins. Co. v. EMC Nat'l Life Co.*, 564 F.3d 81, 85 (2d Cir. 2009) (noting that "[t]he scope of an arbitrator's authority . . . 'generally depends on the intention of the parties to an arbitration, and is determined by the agreement or submission.'" (*quoting Synergy Gas Co. v. Sasso*, 853 F.2d 59, 63-64 (2d Cir. 1988))); *Hill v. Staten Island Zoological Soc'y, Inc.*, 147 F.3d 209, 214 (2d Cir. 1998) ("Parties to an arbitration may stipulate the issues they want determined and increase or limit the arbitrator's contractual authority by their express submission."). Accordingly, Petitioner submitted the matter to

arbitration in accordance with the Collection Policy and Arbitration Procedures.  Petition, ¶¶ 31-32.  Thereafter, the arbitrator reviewed the paper submissions and rendered his award (the "Award").  Petition, ¶¶ 33-36.

Moreover, the arbitration award draws its essence from the CBA.  The CBA provides that an employer "shall be liable for the remedies under Section 502(g)(2) of ERISA."  Petition, ¶ 22.  The Collection Policy provides that interest on delinquent contributions is to be calculated at the rate of eight percent (8%), except for the NEBF which calculates interest at a rate of 10%, and that an employer shall be liable for liquidated damages and attorneys' fees if legal action is commenced.  Petition, ¶¶ 26-27.  Consistent with the Collection Policy and Arbitration Procedures, the arbitrator ordered Respondent to pay the Funds a principal sum of delinquent contributions, as well as interest thereon, liquidated damages, attorney's fees, and the arbitrator's fee.  Petition, ¶¶ 35-36.

As is evident by the foregoing facts, the arbitrator acted within the scope of his authority in issuing the arbitration award in the amount of $37,774.74, and the arbitration award draws its essence from the CBA.  Since the Award was issued, Respondent has made payments totaling $21,486.31 toward the Award, leaving a balance of $16,288.43[1] outstanding.  The award has not otherwise been vacated, modified, or corrected.  The arbitrator should thus be afforded deference by this Court, and the arbitration award should be confirmed.

## II.   The Court Should Award Petitioner Attorneys' Fees and Costs

### A.   Petitioner is Entitled to Attorneys' Fees and Costs

Under the CBA and the Award, Petitioner is entitled to an award of attorneys' fees in connection with this action to recover delinquent Fund contributions by Respondent.  Petition, ¶¶

---

[1] The total amount outstanding accounts for the clerical error in JIB's damage calculations (Exhibit H).

4

36, 41. The CBA provides that an employer shall be liable for the remedies under Section 502(g)(2) of ERISA in the event of entry of judgment against the employer. *Id.*

Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g), provides:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court *shall* award the plan—
>
> > (A) the unpaid contributions,
> >
> > (B) interest on the unpaid contributions,
> >
> > (C) an amount equal to the greater of—
> >
> > > (i) interest on the unpaid contributions, or
> > >
> > > (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> >
> > (D) *reasonable attorney's fees and costs of the action, to be paid by the defendant, and*
> >
> > (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

29 U.S.C. § 1132(g)(2). (emphasis added).

Moreover, it is well established that courts routinely award costs to the prevailing petitioners in actions to confirm an arbitration award. *See, e.g.*, *Abondolo v. Jerry WWHS Co.*, 829 F. Supp. 2d 120, 123 (E.D.N.Y. 2011) (noting that this practice "is consistent with the general principle that, in most civil suits, 'costs—other than attorney's fees—should be allowed to the prevailing party.'") (*quoting* Fed. R. Civ. P. 54(d)(1)). It is equally well established that "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Trs. of the Ne. Carpenters Health, Pension, Annuity, Apprenticeship,*

5

*& Labor Mgmt. Cooperation Funds v. Magnificent Concrete Inc.*, No. CV-17-4285 (DRH)(AYS), 2018 U.S. Dist. LEXIS 120151, at *10 (E.D.N.Y. July 17, 2018) (*citing Int'l Chem. Workers Union v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)); *see also, Trs. of the N.Y. City Dist. Council of Carpenters Pension Fund v. Dejil Sys.*, 2012 U.S. Dist. LEXIS 123143, at *11 (S.D.N.Y. Aug. 29, 2012) ("In confirmation proceedings, 'the guiding principle has been stated as follows: when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded.'") (*quoting N.Y. City Dist. Council of Carpenters Pension Fund v. Angel Constr. Grp., LLC*, 2009 U.S. Dist. LEXIS 7701, at *2 (S.D.N.Y. Feb. 3, 2009)).

B. <u>Petitioner Seeks a Reasonable Amount of Attorneys' Fees and Costs</u>

The fees incurred by the Petitioner in this matter are reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable hourly rate is "the rate a reasonable, paying client would pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 193 (2d Cir. 2007). The Second Circuit has explained that "[t]he actual billing arrangement certainly provides a strong indication of what private parties believe is the 'reasonable' fee to be awarded." *Crescent Publ'g Group, Inc. v. Playboy Enters.*, 246 F.3d 142, 151 (2d Cir. 2001).

In this case, counsel for Petitioner billed the Funds for the services of partners at the rate of $410 per hour, associate attorneys at the rate of $310 per hour, and of legal assistants at a rate of $155 per hour. Petition, ¶¶ 43-45. These rates were negotiated with a Board of Trustees consisting of members with long business and negotiation experience and, as such, should be viewed as rates that a reasonable client would pay. Moreover, these rates are within the reasonable

6

range for attorneys representing ERISA benefit funds within the Southern and Eastern Districts of New York. *See Trs. of the Local 807 Labor-Management Pension Fund v. Showtime on the Piers, LLC*, 2023 U.S. Dist. LEXIS 38293, *21 (E.D.N.Y. Mar. 6, 2023) (awarding $300 for an associate in an ERISA default case); *of the Int'l Union of Operating Eng'rs v. Rizzo Env't Servs. Corp.*, 2022 U.S. Dist. LEXIS 64353, *14 (E.D.N.Y. Apr. 6, 2022) (approving a rate of $410 for a partner in an ERISA case); *Ret. Fund of Local 1482 Paint & Allied Prods. Mfrs. V. N. Adhesives, Inc.*, 2020 U.S. Dist. LEXIS 94477, *15 (E.D.N.Y. May 27, 2020) (awarding $400 an hour for a partner and stating that "in the Eastern District reasonable hourly rates are approximately $300-$450 per hour for partners"); *Gesualdi v. Ava Shypula Testing & Inspection, Inc.,* 2014 U.S. Dist. LEXIS 50752 (E.D.N.Y. Feb. 28, 2014)(approving rates of $400 per hour for partner, $375 per hour for senior associate and recognizing that decisions upon which Courts have based reasonable rates are generally six to eight years old) *See*, e.g., *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. A&C Bros. Contracting*, 2022 U.S. Dist. LEXIS 187727, at *7 (S.D.N.Y. Oct. 13, 2022) (awarding $275 for a V&A associate); *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. RSG Constr. Corp.*, 2022 U.S. Dist. LEXIS 160694, at *8 (S.D.N.Y. Sep. 6, 2022) (awarding $275 for a V&A junior associate and observing that "[t]he attorney's fees sought in this case are thoroughly reasonable"); *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. Reliable Build, Inc.*, 2022 WL 214389, at *2 (S.D.N.Y. Jan. 25, 2022) (approving the rate of $275 for a V&A law clerk); *Trustees of Local 813 Pension Trust Fund v. Rizzo Environmental Services Corp.*, 2020 WL 7249289, at *7-8 (E.D.N.Y. Oct. 31, 2020) (approving hourly rate of $325 for an experienced associate in ERISA default action). As Petitioner's attorneys spent a total of 11.1 hours on this case, Petitioner should be awarded $3,501 in attorneys' fees. Petition, ¶ 47. These amounts are also reasonable and analogous to the amounts granted by courts in this district. *Trs.*

7

*of the N.Y. City Dist. Council of Carpenters Pension Fund v. Earth Constr. Corp.*, 2020 U.S. Dist. LEXIS 22814, *8 (finding 12.6 hours spent on a petition to confirm to be reasonable).

Petitioner has also requested a reasonable amount of costs in this action. By the time the instant petition is filed, they will have incurred $500 in costs arising from the service fee and filing fees, all of which are among the types of reasonable costs that are compensable under ERISA § 502(g), 29 USC § 1132(g). Petition, ¶ 48; *see Trustees of Empire State Carpenters Annuity v. J&B Paint & Contr., LLC*, 2013 U.S. Dist. LEXIS 126337 at * 7 (E.D.N.Y. June 12, 2013).

## CONCLUSION

For the reasons and upon the authority set forth above and in the Petition, the arbitration award should be confirmed, and judgment should be rendered against Respondent in favor of the Funds in the amount of $16,288.43, representing the balance of the Award, plus attorneys' fees and costs in the amount of $4,001 and such other and further relief this Court deems just and proper.

Dated: New York, New York  
       January 2, 2024

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: */s/ Adrianna R. Grancio*  
    Adrianna R. Grancio, Esq.  
    40 Broad Street 7th Floor  
    New York, New York 10004  
    Telephone: (212) 943-9080  
    Fax: (212) 943-9082  
    agrancio@vandallp.com  
    *Attorneys for Petitioner*